T.C. Memo. 2014-196

UNITED STATES TAX COURT

DORA E. CAUDLE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18735-13L.                      Filed September 24, 2014.

Dora E. Caudle, pro se.

Rebecca Jo Sable, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.

**[*2]** Revenue Service (IRS or respondent) to uphold collection actions. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that the decision to sustain the collection actions was proper as a matter of law. We agree and accordingly will grant the motion.

Background

Petitioner did not file a Federal income tax return for 2005 or 2006. The IRS prepared a substitute for return (SFR) for each year that met the requirements of section 6020(b). On the basis of the SFRs, the IRS sent petitioner, by certified mail on July 6, 2009, separate notices of deficiency for 2005 and 2006.

Each notice of deficiency was addressed to petitioner at a Front Royal, Virginia, address. This was her last known address and is also her current address as shown in this Court's records. Respondent attached to his summary judgment motion copies of U.S. Postal Service (USPS) Forms 3877 showing that articles with tracking numbers matching those on the notices of deficiency were mailed to petitioner at this address. The USPS track and confirm delivery service indicates that the notices of deficiency were delivered to petitioner on July 8 and 10, 2009, respectively. Petitioner did not petition this Court for redetermination of the deficiencies, and on November 16, 2009, the IRS assessed the tax for both years.

**[\*3]**   In an effort to collect the assessed tax for 2005 and 2006, the IRS sent petitioner Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing and a notice of Federal tax lien filing (NFTL).  Petitioner timely requested a CDP hearing.  On August 17, 2010, a settlement officer (SO) from the IRS Appeals Office scheduled a telephone CDP hearing for October 6, 2010.  The SO informed petitioner that, in order for him to consider a collection alternative, she would need to submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, as well as copies of signed tax returns for 2004, 2007, 2008, and 2009 and proof of estimated tax payments for 2010.

On September 23, 2010, petitioner informed the SO that she would be unable to participate in the telephone conference and requested a face-to-face CDP hearing.  The SO granted this request and set a deadline of February 16, 2011, for submission of the requested information.  He scheduled the face-to-face CDP hearing for March 8, 2011, and told petitioner that, in order to contest her underlying tax liability for 2005 and 2006, she would need to submit original tax returns for those years.

Petitioner informed the SO that she would be unable to attend the face-to-face CDP hearing after all.  She requested that they continue their mail corres-

**[\*4]** pondence, and the SO agreed to this plan. He also reminded her that, in order for him to consider a collection alternative, she would need to submit Form 433-A and file tax returns for 2007-09. The SO set March 25, 2011, as the final deadline for submission of these documents.

On March 25, 2011, petitioner faxed a letter to the SO stating that she did not recall receiving a notice of deficiency for 2005 or 2006 and requesting proof of delivery. She submitted no documentation of any kind with her response. The SO thereupon reviewed petitioner's case file; determined that the tax for 2005 and 2006 had been properly assessed; and determined that all other procedural requirements had been satisfied. On April 21, 2011, the IRS sent petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 for tax years 2005 and 2006. Petitioner, while residing in Virginia, timely sought review in this Court.

Discussion

A.     Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid un-necessary and time-consuming trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genu-ine dispute as to any material fact and a decision may be rendered as a matter of

**[\*5]** law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial.  Rule 121(d).

Petitioner's response to the summary judgment motion alleges no dispute as to any material fact.  In the light of respondent's motion, his supporting affidavits, and petitioner's response thereto, we conclude that no material facts are in dispute and that this case may be adjudicated summarily.

B.      Standard of Review

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case.  The general parameters for such review are marked out by our precedents.  Where the validity of the underlying tax liability is at issue, the Court reviews the Commissioner's determination de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the underlying tax liability is not properly at issue, the Court reviews the IRS decision for abuse of discretion.  Id. at 182.  Abuse of discretion exists when a determination is arbitrary,

**[*6]** capricious, or without sound basis in fact or law.  See <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006).

This Court may consider a taxpayer's challenge to her underlying tax liabilities in a CDP case only if she properly raised that challenge at her CDP hearing. <u>See</u> secs. 301.6320-1(f)(2), Q&A-F3, and 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  An issue is not properly raised at the CDP hearing if the taxpayer fails to request consideration of that issue by Appeals or if she requests consideration but fails to present any evidence after being given a reasonable opportunity to do so.  <u>Ibid.</u>; <u>see</u> <u>Thompson v. Commissioner</u>, 140 T.C. 173, 178 (2013).  Where, as here, the IRS prepares an SFR pursuant to section 6020(b), the taxpayer may raise her liability in a CDP hearing if she did not receive a notice of deficiency or otherwise have a prior opportunity to contest the liability.  <u>See</u> secs. 6320(c), 6330(c)(2)(B).[2]

---

[2]Generally, a taxpayer must actually receive the notice of deficiency for the preclusion under section 6330(c)(2)(B) to apply.  <u>See</u> <u>Tatum v. Commissioner</u>, T.C. Memo. 2003-115.  <u>But see</u> <u>Onyango v. Commissioner</u>, 142 T.C. __, __ (slip op. at 11-12) (June 24, 2014) (holding that preclusion applies despite lack of receipt where taxpayer declines to retrieve mail despite multiple reasonable opportunities to do so); <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000) (same). The IRS sent notices of deficiency for 2005 and 2006 to petitioner's last known address.  Although USPS records confirm delivery of these notices, petitioner asserts that she did not receive them.  Because we conclude that petitioner is precluded from challenging her underlying tax liabilities for 2005-06 because she

(continued...)

**[\*7]** The SO informed petitioner that she could contest her underlying tax liabilities for 2005 and 2006, but that, in order to do so, she needed to submit tax returns for those years. Petitioner declined to participate in two scheduled CDP hearings. She also declined to submit a tax return for 2005 or 2006 or any other documents addressing her tax liabilities for those years, despite the SO's having given her generous extensions of time. Because petitioner submitted no evidence concerning her 2005-06 tax liabilities, she did not properly raise that issue at the CDP hearing. As a result, we cannot review her underlying liability for either year and will accordingly review the SO's determination for abuse of discretion only. See Goza v. Commissioner, 114 T.C. at 182; secs. 301.6320-1(f)(2), Q&A-F3, and 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

C.    Analysis

In deciding whether the SO abused his discretion in sustaining the proposed collection actions, we consider whether he: (1) properly verified that the requirements of any applicable law or administrative procedure had been met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any

---

[2](...continued)
presented no evidence at the CDP hearing, we need not decide whether she actually received the notices of deficiency and would also be precluded from challenging her 2005-06 tax liabilities for that reason.

**[\*8]** proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

As to the first point, the SO determined that notices of deficiency for 2005 and 2006 were properly mailed to petitioner at her last known address and that she failed to petition this Court within 90 days. <u>See</u> secs. 6212(b), 6213(a). The SO accordingly determined that the tax for 2005 and 2006 was properly assessed on November 16, 2009, which was more than four months after the notices of deficiency were mailed. Although petitioner says she never received the notices, her actual receipt vel non is irrelevant. In that regard, the SO was required to verify only that the notices of deficiency were properly mailed and that petitioner's 2005-06 tax liabilities were duly assessed after she failed to petition our Court. The record establishes that the SO properly verified that all requirements of applicable law and administrative procedure had been met. <u>See, e.g.</u>, <u>Cropper v. Commissioner</u>, T.C. Memo. 2014-139.

We also find that, in sustaining the proposed collection actions, the SO properly balanced "the need for the efficient collection of taxes with the legitimate concern of \* \* \* [petitioner] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). Despite being afforded numerous opportunities to do

**[\*9]** so, petitioner did not submit Form 433-A; declined to submit any financial information; and did not put any specific proposal for a collection alternative on the table. A settlement officer does not abuse his discretion when he declines to consider a collection alternative under these circumstances. See McLaine v. Commissioner, 138 T.C. 228, 243 (2012); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005); Lance v. Commissioner, T.C. Memo. 2009-129; Schwersensky v. Commissioner, T.C. Memo. 2006-178.

Finally, petitioner contends that the SO abused his discretion in not affording her a face-to-face hearing. The regulations provide that a "CDP hearing may, but is not required to, consist of a face to face meeting." Secs. 301.6320-1(d)(2), Q&A-D6, and 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. If a face-to-face hearing is not held, a hearing conducted by telephone, by correspondence, or by review of documents will suffice for purposes of section 6320(b) or section 6330(b). See secs. 301.6320-1(d)(2), Q&A-D7, and 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

The SO granted petitioner's request for a face-to-face CDP hearing and scheduled that hearing for March 8, 2011. Petitioner replied that she could not attend that hearing, and it was she who requested that the parties thereafter communicate by mail. We have repeatedly held that a face-to-face CDP hearing is not

[*10] required under section 6330. Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Williamson v. Commissioner, T.C. Memo. 2009-188; Stockton v. Commissioner, T.C. Memo. 2009-186; Leineweber v. Commissioner, T.C. Memo. 2004-17. We have also held that an SO's denial of a face-to-face hearing does not constitute an abuse of discretion where a taxpayer fails to present relevant arguments and refuses to provide requested financial information. See Zastrow v. Commissioner, T.C. Memo. 2010-215; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 Fed. Appx. 675 (10th Cir. 2010); Summers v. Commissioner, T.C. Memo. 2006-219.

Once a taxpayer has been given a reasonable opportunity for a hearing but fails to avail herself of it, the IRS may proceed to make a determination based on the case file. See, e.g., Oropeza v. Commissioner, T.C. Memo. 2008-94, aff'd, 402 Fed. Appx. 221 (9th Cir. 2010); Taylor v. Commissioner, T.C. Memo. 2004-25, aff'd, 130 Fed. Appx. 934 (9th Cir. 2005); secs. 301.6320-1(d)(2), Q&A-D7, and 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. We conclude that the SO did not abuse his discretion when he did so here.

**[\*11]**  To reflect the foregoing,

An appropriate order and decision

will be entered.
