T.C. Memo. 2015-75

UNITED STATES TAX COURT

GEORGE H. PATTON AND FELOMINA F. PATTON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16365-12L.                          Filed April 16, 2015.

George H. Patton and Felomina F. Patton, pro sese.

Rebecca M. Clark, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioners

seek review pursuant to sections 6320(c) and 6330(d)(1)[1] of the determination by

_____

[1]All statutory references are to the Internal Revenue Code in effect at the
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure (Rule).  All dollar amounts are rounded to the nearest dollar.

**[*2]** the Internal Revenue Service (IRS or respondent) to uphold a notice of Federal tax lien filing. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion. We will also consider whether petitioners should be required to pay a penalty under section 6673(a) for taking frivolous positions or instituting or maintaining Tax Court proceedings primarily for delay.

Background

The following facts are based on the parties' pleadings and motion papers, including attached exhibits and affidavits. See Rule 121(b). Petitioners resided in Michigan when they petitioned this Court.

Petitioners filed Federal income tax returns for 2005, 2006, 2007, and 2008 but did not pay the full amounts of tax shown as due on those returns. The IRS assessed the unpaid portions of these self-reported tax liabilities. On April 14, 2011, in an effort to collect the unpaid tax, respondent sent petitioners Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioners timely submitted Form 12153, Request for a Collection Due Process or

**[*3]** Equivalent Hearing, seeking an installment agreement and withdrawal of the notice of lien.

On October 6, 2011, a settlement officer (SO) from the IRS Appeals Office conducted a telephone CDP hearing with petitioners and determined that they qualified for an installment agreement with monthly payments of $750. Petitioners rejected this offer. Their principal contention was that "the government"--by which they apparently meant their local or county government in Michigan--had destroyed their tax records by allowing water to "trespass" on their property beginning in 2001. This allegedly made it impossible for them to determine their correct Federal tax liabilities for 2005-2008.[2] The SO was unpersuaded by petitioners' arguments and, on May 30, 2012, the IRS issued them a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 sustaining the notice of tax lien filing.

---

[2]Petitioners have also argued that: (1) the government prevented them from keeping correct records; (2) they were forced by the government to file incorrect tax forms; (3) their due process rights have been abridged by government actions; (4) if they had been afforded equal protection under the law they would have been able to pay the correct tax on time; (5) government action prevented them from participating in interstate commerce and then penalized them in violation of their First, Fifth, and Fourteenth Amendment rights; and (6) the government has forced them into debt bondage in violation of the Thirteenth Amendment.

**[\*4]** Petitioners timely petitioned this Court and, on April 16, 2013, respondent filed a motion for summary judgment. On May 20, 2013, the Court held a hearing on that motion and issued a bench opinion granting it in part. The Court found that the SO had not abused his discretion in declining to offer petitioners a more generous installment agreement, in declining to withdraw the notice of tax lien, or in any other respect. However, the Court concluded that the SO had not adequately considered petitioners' challenge to their underlying tax liabilities for 2005-2008; the Court remanded the case to the IRS Appeals Office for the sole purpose of considering that challenge. We reminded petitioners that "in presenting their arguments to Appeals to dispute their underlying tax liabilities, they should not make any frivolous arguments or arguments that lack any basis in law or fact." The Court stated that the supplemental hearing should be held by November 2, 2013.

On October 30, 2013, the SO sent petitioners a letter proposing November 21, 2013, as the date for the supplemental CDP hearing. This letter included third-party information reports the IRS had received regarding petitioners' income for 2005-2008. The letter invited petitioners to file amended returns for 2005-2008 if they contended that the income they had reported on their original returns was incorrect. On November 10, 2013, petitioners sent the SO a letter that again

[*5] discussed the "water trespass" but failed to provide any information or documentation regarding their 2005-2008 tax liabilities.

Petitioners did not participate in the supplemental telephone CDP hearing scheduled for November 21, 2013. On December 4, 2013, the SO sent petitioners a letter giving them an additional two weeks to supply information relevant to their 2005-2008 tax liabilities. This letter advised that, if petitioners supplied no information, the SO would resolve the case on the basis of information in the administrative file. The SO telephoned petitioners and left voice mail messages for them on December 9 and 18 to remind them of this deadline. Petitioners did not respond by that deadline, and the SO accordingly determined that the case should be closed. On January 16, 2014, the IRS sent petitioners a supplemental notice of determination sustaining the notice of tax lien filing.

On December 17, 2013, petitioners submitted to the Court a letter that we filed as a motion for default and dismissal. Petitioners asserted that the tax lien should be lifted and the case dismissed because the SO did not hold a supplemental hearing by November 2, 2013. On February 20, 2014, the Court denied petitioners' motion, finding that respondent had complied with the spirit of the remand order by providing petitioners with at least two separate opportunities to supply additional documentation to determine their correct tax liabilities for 2005-2008.

[*6] "Rather than take advantage of th[ese] opportunities," we noted, "petitioners repeatedly refer to an illegal government trespass by their local government and their resulting inability to determine their correct tax liability. These arguments are frivolous and must be rejected."

On March 6, 2014, petitioners filed a motion for reconsideration of our February 20, 2014, order, which we denied on March 19, 2014. On May 12, 2014, petitioners filed a motion for reconsideration of our March 19, 2014, order, which we denied on May 20, 2014. On June 18, 2014, petitioners filed a motion for leave to file a response to our May 20, 2014, order, which we denied on June 24, 2014. Each of these motions advanced (among others) the contentions that their "tax records had been destroyed by the government" and that it was therefore "impossible to calculate their tax liabilities" for 2005-2008.

On November 25, 2014, respondent filed a second motion for summary judgment. In their response, petitioners do not allege any facts or provide any documentation suggesting that the amounts of income they self-reported on their 2005-2008 tax returns were incorrect. Instead, petitioners seek to relitigate, for the fifth time, their contention that the tax lien should be lifted because the SO did not convene a supplemental CDP hearing by November 2, 2013. And they contend, in defiance of our prior warnings, that the government has "refused to abate

**[\*7]** its continuous trespass with water flowing in"; that the government "stole petitioners' confidence with lies and deceit that filled them with hope that the highway flooding would at any moment be abated"; and that they "had been rendered unable to file a correct tax" because of "rogue governments that ruin taxpayers."

Discussion

A.     <u>Summary Judgment</u>

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Under Rule 121, the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d).

Petitioners' response alleges no dispute as to any material fact. In light of respondent's motion, the attached exhibits, and petitioners' response thereto, we

**[\*8]** conclude that no material facts are in dispute and that this case may be adjudicated summarily.

B.     The Merits

In our May 20, 2013, bench opinion, we held that the SO did not abuse his discretion in declining to offer petitioners a more generous installment agreement, in declining to withdraw the notice of tax lien, or in any other respect.  The remaining question, which was the sole subject of the remand, concerns petitioners' challenge to their underlying tax liabilities for 2005-2008.  On this point we review the Commissioner's determination de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

This Court may consider a taxpayer's challenge to his underlying tax liability in a CDP case only if he properly raised that challenge at his CDP hearing. See sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  An issue is not properly raised at a CDP hearing if the taxpayer fails to request consideration of that issue or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so.  Id.; see Thompson v. Commissioner, 140 T.C. 173, 178 (2013).

This Court and the IRS clearly informed petitioners that, in order to contest their 2005-2008 tax liabilities at the supplemental hearing, they needed to file

[*9] amended returns and submit documentation substantiating any revisions to the amounts reported on their original returns. The SO provided petitioners with third-party information reports documenting their income for 2005-2008 and invited them to point out any discrepancies. Petitioners repeatedly ignored these overtures, despite the many opportunities the SO gave them and his (commendably patient) efforts to secure this information from them. Petitioners' sole argument was that they could not calculate their correct tax liabilities because a "water trespass" by local government beginning in 2001 had destroyed their tax records for 2005-2008. We have already found that this argument is frivolous and has been interposed primarily for delay. We will not address it again.

We conclude that petitioners did not properly raise their underlying tax liabilities at their CDP hearing and thus cannot raise them here. We find that the SO did not abuse his discretion--quite the opposite is true--in the manner in which he conducted the proceedings on remand. See sec. 6330(c)(3); Caudle v. Commissioner, T.C. Memo. 2014-196, at *10 (finding an SO did not abuse his discretion when the taxpayer was given a reasonable opportunity for a hearing but failed to avail himself of it). We will accordingly uphold the supplemental notice of determination sustaining the proposed collection action.

**[\*10]** C.     <u>Sanctions</u>

Section 6673(a)(1) authorizes the imposition of a penalty not in excess of $25,000 whenever it appears to this Court that a taxpayer has instituted or maintained Tax Court proceedings primarily for delay or has taken a position that is "frivolous or groundless."  In its May 20, 2013, bench opinion, the Court warned petitioners against making frivolous arguments.  On February 20, 2014, the Court issued an order finding that petitioners' "water trespass" arguments were frivolous.  On May 20, 2014, in an order denying petitioners' motion for reconsideration, the Court again warned them that, "if they continue to assert these same frivolous arguments, the Court may impose sanctions" under section 6673.  On December 2, 2014, in ordering petitioners to respond to the instant motion for summary judgment, we recounted the history of their delay tactics and warned as follows:  "Petitioners are again advised that persistence with groundless and frivolous positions will result in the imposition of a penalty in an amount that * * * may be as high as $25,000."

In their response to the summary judgment motion, petitioners have persisted in advancing the same frivolous arguments that they have repeatedly been warned not to make.  They have wasted many hours of respondent's time and of

[*11] this Court's time.  We will accordingly order them to pay a penalty to the United States of $3,500.

An appropriate order and decision will be entered.