DORA ELLEN CAUDLE, Petitioner(s), v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Caudle v. Comm'r
Docket No. 24408-14 L.
United States Tax Court
2015 U.S. Tax Ct. LEXIS 56; August 7, 2015, Entered
Caudle v. Comm'r, T.C. Memo 2014-196, 2014 Tax Ct. Memo LEXIS 193 (T.C., 2014)
*56 For Petitioner: Robert J. Braxton, Richmond, VA.
Cary Douglas Pugh, Judge.
Cary Douglas Pugh
ORDER AND DECISION
This case was commenced in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320[1] and/or 6330, sustaining respondent's Notice of Intent to Levy and Notice of Federal Tax Lien (NFTL) to collect petitioner's unpaid Federal income tax liability for 2008.
This case was calendared for trial at the Court's June 22, 2015, Richmond, Virginia (Charlottesville, VA) trial session. On April 9, 2015, respondent filed a Motion for Summary Judgment and accompanying exhibits, including a Declaration of Rebecca S. Pomatto. On April 14, 2015, the Court ordered petitioner to file an Objection to respondent's Motion for Summary Judgment by May 11, 2015. Petitioner filed her Notice of Objection to respondent's Motion for Summary Judgment on May 4, 2015. On May 20, 2015, respondent filed a Motion for Continuance. By notice filed on June 4, 2015, petitioner notified the Court that she had no objection to respondent's Motion for Continuance and on June 5, 2015, the Court granted respondent's Motion for Continuance, with this Division retaining jurisdiction.
Rule 121(b) provides in part that after *57 a motion for summary judgment and opposing response are filed: "A decision shall thereafter be rendered if the pleadings * * * and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).
We have reviewed respondent's motion and the documents submitted in support of respondent's motion and we have considered petitioner's response. We incorporate in this order by reference the statement of facts contained in the declaration of Ms. Pomatto. We are satisfied that the material facts are not in dispute, and for the reasons summarized below, respondent is entitled to a decision sustaining both the filing of the NFTL and the proposed levy. Section 6330(a).
Background
Petitioner failed to file a Federal income tax return for 2008. In a notice of deficiency dated March 14, 2011, respondent determined a deficiency for petitioner's 2008 taxable year based on a substitute return. The notice of deficiency was sent to petitioner's last known address by certified mail. Petitioner *58 failed to file a petition with the Court challenging the notice of deficiency.
On November 26, 2013, respondent sent a Notice of Intent to Levy and Notice of Your Right to a Hearing to petitioner with respect to petitioner's unpaid 2008 tax liability. On December 10, 2013, respondent sent a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320 with respect to petitioner's unpaid 2008 tax liability. On December 23, 2013, respondent received petitioner's Form 12153, Request for a Collection Due Process or Equivalent Hearing.
On March 17, 2014, Settlement Officer Pomatto (SO Pomatto) sent a letter to petitioner scheduling a telephonic conference on April 15, 2014, and notified petitioner that to qualify for a face-to-face hearing petitioner must submit Form 433-A, Collection Information Statement, and signed Forms 1040, U.S. Individual Income Tax Return, for 2009, 2010, 2011, 2012, and 2013. The letter explained that petitioner could not dispute the underlying liability for 2008 because petitioner had already received a notice of deficiency. The letter also explained that petitioner could prepare a corrected Form 1040 for 2008 if she felt the amounts due were inaccurate.
*59 By letter dated April 11, 2014, petitioner stated she would not participate in a telephonic hearing and requested a face-to-face hearing. Petitioner stated she did not receive a notice of deficiency, did not have a previous opportunity to challenge the underlying liability and asked for copies of the documents that gave rise to her tax liability. She wrote in her letter "I don't believe I am liable for the assessed tax" and "I should not be held responsible for the penalties accrued." Petitioner claimed that she was seeking to confirm that the Internal Revenue Service (IRS) followed proper procedures and she was not intending "to discuss any issues that the IRS or the Courts have considered to be frivolous" and "[i]f you have considered any of the issues I've risen in the past to be frivolous, I hereby abandon them." Petitioner further stated that she "was under the impression that each [tax] year is independent from the other. * * * I just don't want to give up information that is not necessary or required by law. So, for the sake of time * * * [,] efficiency[,] accuracy, let us concentrate solely on the tax years at issue." Petitioner also asked for a copy of the rules and procedures *60 that govern administrative hearings.
Petitioner did not participate in the telephonic hearing and never provided any of the requested financial information or tax returns. On September 11, 2014, SO Pomatto issued the notice of determination sustaining the collection actions.
Discussion
In her petition and her objection to respondent's motion for summary judgment, petitioner claims that she did not receive a notice of deficiency for 2008 or otherwise have a prior opportunity to contest her underlying liability and that she properly raised the issue of her underlying liability with SO Pomatto. She claims that this creates a factual dispute precluding summary judgment.
Where the validity of the underlying tax is at issue, the Court reviews the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). When, as here, the IRS prepares a substitute return pursuant to section 6020(b), the taxpayer may raise her liability in an administrative hearing if she did not receive a notice of deficiency or otherwise have a prior opportunity to contest the liability. Seesecs. 6320(c), 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). But this Court considers a taxpayer's challenge to her underlying liabilities in a collection action case only if she properly raised that challenge at *61 her administrative hearing. Seesecs. 301.6320-1(f)(2), Q&A-F3, and 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs; Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007). An issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of that issue by Appeals or if she requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. Id.; see McRae v. Commissioner, T.C. Memo. 2015-132 *8 (holding that the taxpayer failed to explicitly contest his underlying liability during the administrative hearing and failed to provide any evidence concerning his liability); see also Zook v. Commissioner, T.C. Memo. 2013-128 *6 (holding that the taxpayer failed to properly raise her underlying liabilities when she failed to provide any documentation of the underlying liabilities and asserted frivolous arguments).
Although petitioner's April 11, 2014, letter arguably disputes the underlying liability, her failure to present evidence, such as a Form 1040 for 2008 or requested financial information amount to a failure properly to raise the issue of her underlying liability at the administrative hearing. See McRae v. Commissioner, T.C. Memo. 2015-132; secs. 301.6320-1(f)(2), Q&A-F3, and 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Because her underlying liability for 2008 is not properly before us, we review SO Pomatto's determination *62 for abuse of discretion only. See Goza v. Commissioner, 114 T.C. at 182; Caudle v. Commissioner, T.C. Memo 2014-196, aff'd without published opinion, 603 Fed. Appx. 220 (4th Cir. 2015); secs. 301.6320-1(f)(2), Q&A-F3, and 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Because petitioner did not raise the issue of her underlying liability properly at the administrative hearing, we need not consider whether petitioner received the notice of deficiency.
Petitioner also contends that SO Pomatto abused her discretion in not affording her a face-to-face hearing, denying her request to audio-record the hearing, and failing to meet all verification requirements. A face-to-face hearing is not a requirement under section 6330. See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000) (holding that a hearing by telephone or by correspondence is sufficient to satisfy the requirements under section 6330); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. A settlement officer's denial of a face-to-face hearing does not constitute an abuse of discretion where a taxpayer fails to present non-frivolous arguments, refuses to provide requested financial information, and is not current with her Federal income taxes. Zastrow v. Commissioner, T.C. Memo 2010-215; see Moline v. Commissioner, T.C. Memo 2009-110 (holding that it was not an abuse of discretion when settlement officer denies a taxpayer's request for a face-to-face hearing after determining that the hearing would not be productive because of the *63 taxpayer's frivolous or groundless arguments or where the taxpayer has not filed all required tax returns for prior years), aff'd, 363 Fed. Appx. 675 (10th Cir. 2010); Williamson v. Commissioner, T.C. Memo 2009-188 (holding that it was not an abuse of discretion to deny a face-to-face hearing when the taxpayer raises frivolous arguments and therefore the hearing would not be productive); sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs. Petitioner failed to submit the requested financial information and was not compliant with her Federal income tax obligations. Therefore, SO Pomatto did not abuse her discretion by denying a face-to-face hearing.
The regulations further provide that if a face-to-face hearing is not held, a hearing conducted by telephone, by correspondence, or by review of documents will suffice for purposes of section 6330(b). Seesec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. SO Pomatto provided petitioner with a reasonable opportunity for a telephonic hearing and petitioner failed to take advantage of that opportunity.
Nor did petitioner have a right to record the telephonic hearing. Sections 6320 and 6330 do not require an "on the record" hearing. See Tucker v. Commissioner, 135 T.C. 114, 152 (2010); Davis v. Commissioner, 115 T.C. 35, 41-42 (2000) (citing sec. 601.106(c), Statement of Procedural Rules). And we have never applied our holding in Keene v. Commissioner, 121 T.C. 8 (2003), that a taxpayer is entitled to audio record his section 6330 hearing, to anything *64 other than a face-to-face meeting. See Calafati v. Commissioner, 127 T.C. 219, 228 (2006). We will not do so here particularly in light of petitioner's failure to raise any nonfrivolous argument against respondent's collection actions.
In addition, at the administrative hearing a taxpayer is expected to provide relevant information requested by the settlement officer for her consideration of the facts and issues involved in the hearing. Sec. 301.6330-1(e)(1), Proced. & Admin. Regs. Petitioner refused to participate in the scheduled telephonic hearing and failed to submit the financial information and tax returns requested by SO Pomatto. Petitioner was not in compliance with her Federal income taxes nor did she present any collection alternatives. A settlement officer does not abuse her discretion when she declines to consider a collection alternative under these circumstances. See Huntress v. Commissioner, T.C. Memo 2009-161 (holding no abuse of discretion in the settlement officer's rejection of collection alternatives where the taxpayer offered none, failed to provide financial information, and was not current with filing and payment obligations); Lance v. Commissioner, T.C. Memo 2009-129 (holding no abuse when taxpayer fails to provide financial information); seesec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.
Once a taxpayer has been given a reasonable *65 opportunity for a hearing but fails to avail herself of it, the IRS may proceed to make a determination based on the case file as was done here. See Oropeza v. Commissioner, T.C. Memo 2008-94 (upholding a determination based on the case file where taxpayer refused to participate in an administrative hearing, either in person or by telephone), aff'd, 402 Fed. Appx. 221 (9th Cir. 2010); secs. 301.6330-1(d)(2), Q&A-D7 and Q&A-D8, and 301.6330-1(f)(2), Q&A-F4, Proced. & Admin. Regs. The settlement officer must verify that the requirements of applicable law and administrative procedures have been met, consider issues properly raised by the taxpayer, and consider whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(b), (c)(3). Aside from her general complaints addressed above, petitioner identified no irregularities in SO Pomatto's actions; nor do we, in our review of the administrative record, identify any abuse of discretion.
The outcome in this case should not surprise petitioner. Petitioner was previously before this court in Caudle v. Commissioner, T.C. Memo 2014-196, where she also challenged the collection actions with regard to her 2005 and 2006 Federal tax liabilities. In Caudle v. Commissioner, T.C. Memo 2014-196, the Court *66 held: (1) petitioner failed properly to raise the issue of income tax liabilities during the administrative hearing which precluded our review of her underlying tax liabilities; and (2) the settlement officer did not abuse his discretion when petitioner failed to provide requested financial information or put forward a collection alternative and failed to participate in the hearing.
Because this is petitioner's second case raising the same meritless arguments, we warn petitioner that if she continues to initiate or maintain cases in this Court primarily for delay, we may impose a penalty of up to $25,000, notwithstanding her disavowal of any frivolous arguments, noted above. We note in particular that she filed another petition July 9, 2015, at docket No. 17543-15L, raising the same argument we now reject for the second time. Section 6673 authorizes the Court to impose a penalty of up to $25,000 not just for frivolous and groundless arguments but also whenever it appears to the Court that "proceedings before [us] have been instituted or maintained by the taxpayer primarily for delay." Sec. 6673(a)(1)(A).
That appears to us to be the case here. Because we have not found in the record any warning to petitioner regarding *67 the potential penalty under section 6673 we will not impose a penalty at this time.
Conclusion
Based on a review of the administrative record and notice of determination, the Court therefore concludes that SO Pomatto satisfied the verification requirements of section 6330, that there is no genuine dispute as to any material fact, and that a decision may be rendered as a matter of law. Upon due consideration and for cause, it is hereby
ORDERED that respondent's Motion for Summary Judgment, filed April 9, 2015, is granted. It is further
ORDERED AND DECIDED that the determinations set forth in the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated September 11, 2014, for petitioner's unpaid Federal income tax liability for 2008, and upon which this case is based, are sustained in full.
(Signed) Cary Douglas Pugh
Judge
ENTERED: AUG 07 2015
Footnotes
1. Unless otherwise indicated all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times. Rule references are to the Tax Court Rules of Practice and Procedure.↩