T.C. Memo. 2017-41

UNITED STATES TAX COURT

STEVEN L. ERTELT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10739-14L.                    Filed March 1, 2017.

Steven L. Ertelt, pro se.

Erik W. Nelson and Jeffery Rice, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, Judge:  Petitioner seeks review pursuant to sections 6320(c)

and 6330(d)(1) of the determination by the Internal Revenue Service (IRS) to

uphold the filing of a notice of Federal tax lien (NFTL) relating to petitioner's

[*2] unpaid Federal income tax liabilities for 2008 and 2009.[1]  The issues for decision are:  (1) whether the Court should grant petitioner's motion to reopen the record; (2) whether respondent properly verified that notices of deficiency for 2008 and 2009 were mailed to petitioner; (3) whether petitioner may challenge his underlying tax liabilities for 2008 and 2009; (4) whether respondent abused his discretion by denying petitioner a face-to-face hearing; and (5) whether petitioner should be required to pay the United States a penalty pursuant to section 6673(a)(1).

## FINDINGS OF FACT

When petitioner filed his petition, he resided in California.

Petitioner failed to file his 2008 and 2009 Federal income tax returns. Consequently, the IRS prepared substitutes for returns for petitioner's 2008 and 2009 tax years pursuant to section 6020(b).

On December 27, 2011, the IRS issued to petitioner notices of deficiency for tax years 2008 and 2009, determining deficiencies on the basis of income reported by third-party sources as paid to petitioner on Forms W-2, Wage and Tax Statement; Forms W-2G, Certain Gambling Winnings; and Forms 1099-MISC,

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** Miscellaneous Income.  The notices of deficiency were addressed to petitioner at a California address.  That California address was petitioner's last known address as shown in IRS records, the address at which he in fact received subsequent correspondence from the IRS, and the address that he listed on his petition.

Petitioner failed to petition this Court within 90 days in response to the notices of deficiency; the IRS therefore assessed the liabilities set forth in those notices.  On August 27, 2013, the IRS mailed petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, with respect to his outstanding income tax liabilities for 2008 and 2009.  Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing.  In an attachment to the Form 12153 petitioner stated:

> I respectfully request for a Face-to-Face Collection Due Process Hearing in an Appeals office that is closest to my place of residence. I will be audio recording the said proceedings.  There are a few issues I would like to address, including, but not limited to the following:
>
> • I wish to Verify whether or not the IRS complied with all proper procedures as required by law.
>
> • I don't believe I am liable for the assessed tax.
>
> • I should NOT be held responsible for the penalties accrued.

[*4] • I wish to challenge this alleged "liability" being that I NEVER had an opportunity to challenge it previously.

• In the case that this alleged "liability" is indeed a proper assessment and that it can be proven to be authentic and owed, I would like to discuss what alternatives to collection are available to me, including, but not limited to, Installment Agreements, Offer in Compromise, and any other payment arrangements that may be available to me.

It is not my intention to discuss any issues that the IRS or the Courts have considered to be frivolous arguments. If you have considered any of the issues I have brought up in the past to be frivolous, I hereby abandon them.

On December 19, 2013, Settlement Officer Macaulay (SO Macaulay) from the IRS Office of Appeals (Appeals) sent petitioner a letter scheduling a telephone collection due process (CDP) hearing for January 30, 2014. The letter explained that petitioner "must provide additional financial or return information to qualify" for a face-to-face hearing. The letter requested that petitioner provide a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and "[p]roof that estimated tax payments are paid in full for the year to date." Petitioner did not submit the information requested in the December 19, 2013, letter.

On January 30, 2014, SO Macaulay called petitioner to conduct the telephone CDP hearing but had to leave a message. Thereafter SO Macaulay sent

**[\*5]** petitioner a letter dated February 5, 2014, stating that she had tried calling petitioner at the scheduled time but he had not been available; indicating that she would make a determination by reviewing the administrative file; and requesting that petitioner provide within 14 days any additional information for consideration.

After SO Macaulay sent petitioner the letter dated February 5, 2014, she received a letter from petitioner dated January 28, 2014. In the letter petitioner stated: "I will not be able to participate in this telephone conference you scheduled for 01/30/2014. I am under the impression that I am entitled to a face-to-face Collection Due Process Hearing". He stated that he "did not receive any statutory notices of deficiency for the tax years at issue" and reiterated the statement included in the attachment to the Form 12153.

SO Macaulay sent petitioner a letter dated February 13, 2014, stating that the face-to-face hearing was denied because "the account is not current." With her letter SO Macaulay provided petitioner with transcripts of income reported to the IRS by third parties for taxable years 2005 through 2012. The letter indicated that in order for petitioner "to dispute the assessments made, based on the reported income", he had to submit completed Federal income tax returns for 2005 through 2012 and the required estimated payments for taxable year 2013 "so the account

**[\*6]** can be current."  SO Macaulay requested that the information be received no later than March 28, 2014.

Petitioner did not submit the requested information.  In a letter dated March 6, 2014, petitioner stated that he had already provided the information necessary for Appeals to consider the issues raised in his CDP hearing request and reiterated that he had not received statutory notices of deficiency for the tax years at issue.

On April 7, 2014, the IRS issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the lien at issue.

On May 12, 2014, petitioner filed a letter with this Court stating in part, as follows:

> Dear Tax Court Judge,
>
> I recently requested for a Collection Due Process Hearing, and I strongly believe that my request was ignored.  I received a Notice of Determination from the Internal Revenue Service for the years 2008 and 2009.  The letter states that I should file a petition with the United States Tax Court if I believe that the Internal Revenue Service has made a wrong determination.  I do believe that they have made the wrong determination, and I'm not sure which route to take after this.  The IRS claims that I owe them some amount of funds and I still have been unsuccessful in obtaining any kind of proof as to how they support their claims.[2]

---

[2]The Court notes that the letter petitioner filed is nearly identical to letters
(continued...)

**[\*7]** By an order served May 23, 2014, the Court directed petitioner to file by July 7, 2014, a proper amended petition. In his amended petition petitioner claimed, among other things, that he had never received notices of deficiency for the years in issue and therefore had not had a previous opportunity to challenge his underlying liabilities. Petitioner further alleged that "[r]espondent did not meet all of the applicable requirements during the Collection Due Process Hearing", including a face-to-face hearing.

On June 5, 2015, the parties filed a joint motion to submit this case for decision without trial under Rule 122. The Court granted that motion and entered a decision in favor of respondent on July 24, 2015.

On August 24, 2015, petitioner filed a motion to vacate on the grounds that he had not received notices of deficiency for 2008 and 2009. An order dated

---

²(...continued)
filed in Snodgrass v. Commissioner, T.C. Memo. 2016-235, Garrett v. Commissioner, T.C. Memo. 2016-179, Silva v. Commissioner, T.C. Memo. 2015-229, Knudsen v. Commissioner, T.C. Memo. 2015-69, Portwine v. Commissioner, T.C. Memo. 2015-29, aff'd, ___ F. App'x ___, 2016 WL 4474832 (10th Cir. Aug. 24, 2016), and Caudle v. Commissioner, T.C. Dkt. No. 24408-14L (Aug. 7, 2015), aff'd, 651 F. App'x 147 (4th Cir. 2016). The facts, pleadings, and arguments made by petitioner in this case and by the taxpayer in Portwine bear a striking similarity. In Portwine the Court sustained the IRS' NFTL and warned the taxpayer that the Court would "strongly consider" imposing a penalty under sec. 6673(a)(1) if he returned to the Court and proceeded in a similar fashion in the future.

**[*8]** September 18, 2015, granted petitioner's motion to vacate and remanded the case to Appeals "for clarification of the record as to the basis for the determination that all requirements of applicable law were met and specifically whether a statutory notice of deficiency for 2008 and 2009 was sent to petitioner's last known address."

On December 16, 2015, respondent filed a response to the order dated September 18, 2015, and attached to the response a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 dated November 25, 2015. The supplemental notice of determination stated that the mailing of the notices of deficiency for 2008 and 2009 was verified with a certified mail list indicating that the notices were mailed to petitioner at his last known address (the same California address listed on his petition).

After trial the parties filed simultaneous briefs. With his brief petitioner filed a motion to reopen the record, requesting that the Court take judicial notice of Exhibits A-P and B-P.

OPINION

I.    Petitioner's Motion To Reopen the Record

Before we address the substantive issues in this case, we consider petitioner's motion to reopen the record. Reopening the record to receive

**[\*9]** additional evidence is a matter within the discretion of the trial court.  Butler v. Commissioner, 114 T.C. 276, 286-287 (2000) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331-332 (1971)), abrogated on other grounds, Porter v. Commissioner, 132 T.C. 203 (2009).  We will not grant a motion to reopen the record unless, among other requirements, the evidence relied on is not merely cumulative or impeaching, the evidence is material to the issues involved, and the evidence probably would change some aspect of the outcome of the case.  Butler v. Commissioner, 114 T.C. at 287.

Petitioner seeks to reopen the record to submit what appear to be undated screenshots of the U.S. Postal Service (USPS) Web site (USPS.com), purporting to show that the USPS Web site was unable to find certain tracking information entered into the Web site at some unspecified date.  These documents have not been properly authenticated; in particular, the screenshots do not show when they were made, and there has been no showing that the purported tracking information would not have expired as of the date the screenshots were made.  At trial a similar objection was raised and sustained with respect to similar documents petitioner offered into evidence.  In any event, because the positions of the parties and the relevant facts are fully disclosed in the record, and the documents petitioner seeks to submit do not change the outcome of this case, reopening the record

[*10] would be pointless.  Accordingly, petitioner's motion to reopen the record will be denied.

II.    Standard of Review

Sections 6320 and 6330 provide procedures for administrative and judicial review of the Commissioner's lien and levy actions.  Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person who is liable for and fails to pay taxes after demand for payment has been made.  For the lien to be valid against certain third parties, the Secretary must file a notice of Federal tax lien and, within five business days thereafter, provide written notice to the taxpayer.  Secs. 6320(a), 6323(a).  The taxpayer may then request an administrative hearing before an Appeals officer.  Sec. 6320(b)(1).  Once the Appeals officer issues a determination, the taxpayer may seek review in the Tax Court.  Secs. 6320(c), 6330(d)(1).

Section 6330(c)(2) prescribes the matters that a person may raise at an Appeals hearing, including spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must verify that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(c)(1), (3).  The existence or amount of the underlying tax liability

[*11] may be contested at an Appeals hearing only if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180-181 (2000).

If the validity of the underlying tax liability is properly at issue, the Court will review the taxpayer's liability de novo. See Sego v. Commissioner, 114 T.C. at 609-610. Where there is no dispute concerning the underlying tax liability, the Court reviews the IRS decision for abuse of discretion. Goza v. Commissioner, 114 T.C. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

III. Verification

At trial and on brief petitioner argued that Appeals failed to verify that respondent mailed to petitioner the notices of deficiency on which respondent's tax assessments and lien are based. Petitioner alleges that the USPS Form 3877 certified mailing list contained in the record is defective because it does not expressly indicate the number of items respondent delivered to the USPS and does

**[\*12]** not include the signature of the USPS employee who received the items for mailing from respondent.[3]

Section 6330(c)(1) requires Appeals, as part of its review, to verify that a valid notice of deficiency was issued to the taxpayer. Jordan v. Commissioner, 134 T.C. 1, 12 (2010); Hoyle v. Commissioner, 131 T.C. 197, 202-203 (2008). Where, as in this case, a taxpayer identifies an irregularity in the assessment procedure, an Appeals officer cannot rely solely on the tax transcripts in order to verify that a notice of deficiency was sent. See Hoyle v. Commissioner, 131 T.C. at 205 n.7 ("[W]here a taxpayer alleges no notice of deficiency was mailed he has * * * '[identified] an irregularity[.]'") (alteration in original); see also Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002). Instead, the Appeals officer must "examine underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list". Chief Counsel Notice CC-2006-019 at 18 (Aug. 18, 2006); see Marlow v. Commissioner, T.C. Memo. 2010-113, slip op. at 21; Casey v. Commissioner, T.C. Memo. 2009-131, slip op. at 18-19 (noting that the Appeals officer examined

---

[3]The USPS' mailing procedures require postal employees to enter on the Form 3877 the total number of items received and to sign and postmark the form. USPS Registered Mail Handbook DM-901, at 3-4.2.1 (April 2010), http://www.apwu.org/sites/apwu/files/resource-files/DM-901%20Registered%20 Mail%204-10%20%281.77%20MB%29.pdf.

**[\*13]** notices of deficiency that were in the administrative file and concluded that a notice of deficiency had been mailed to the taxpayer).

In deficiency cases the Commissioner bears the initial burden of proving by competent and persuasive evidence that the notice of deficiency was properly mailed to the taxpayer. Clough v. Commissioner, 119 T.C. 183, 187 (2002); Coleman v. Commissioner, 94 T.C. 82, 90 (1990); August v. Commissioner, 54 T.C. 1535, 1536-1537 (1970). We have also required the Commissioner in deficiency cases to show that the notice of deficiency was properly delivered to the USPS for mailing. See Clough v. Commissioner, 119 T.C. at 187. The act of mailing the notice of deficiency is generally proven by documentary evidence of mailing or by evidence of the Commissioner's mailing practices corroborated by direct testimony. Coleman v. Commissioner, 94 T.C. at 90; Magazine v. Commissioner, 89 T.C. 321, 324-326 (1987). Exact compliance with USPS Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner. Hoyle v. Commissioner, 131 T.C. at 203; Coleman v. Commissioner, 94 T.C. at 91. Although this is not a deficiency case, we have applied these same principles in a CDP setting. See Meyer v. Commissioner, T.C. Memo. 2013-268. Where the existence of a notice of deficiency is not in dispute, "an Appeals officer * * * [can] rely on a properly completed Postal Service Form

**[\*14]** 3877 to meet his verification obligation under section 6330(c)(1)." Hoyle v. Commissioner, 131 T.C. at 203.

Petitioner correctly points out that respondent is not entitled to the presumption of official regularity in this case because the certified mailing list is incomplete. Respondent may still prevail, however, if the evidence of mailing is otherwise sufficient. See Coleman v. Commissioner, 94 T.C. at 91; see also Wheat v. Commissioner, T.C. Memo. 1992-268.

Although an incomplete certified mailing list that does not contain all of the information required by Form 3877 is insufficient to create a presumption of proper mailing, it nevertheless has some probative value. See Portwine v. Commissioner, T.C. Memo. 2015-29, at \*11, aff'd, ___ F. App'x ___, 2016 WL 4474832 (10th Cir. Aug. 24, 2016); Massie v. Commissioner, T.C. Memo. 1995-173, aff'd without published opinion, 82 F.3d 423 (9th Cir. 1996). In Bobbs v. Commissioner, T.C. Memo. 2005-272, 2005 WL 3157919, at \*2-\*3, the Court found that the IRS had established by a preponderance of evidence that a notice of deficiency was mailed to the taxpayer's last known address where the Form 3877 bore a USPS date stamp and listed the taxpayer's undisputed address but lacked any indication of how many items were received by and the signature of the USPS employee. Furthermore, if a notice of deficiency is mailed to the taxpayer at the

**[\*15]** taxpayer's last known address, actual receipt of the notice is immaterial; the notice is valid. See, e.g., United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984).

Like the list in Bobbs, the certified mailing list in this case lacks any indication of the number of items received by and the signature of the USPS employee. However, the certified mailing list bears a date stamp and shows petitioner's name, his address, and the certified mail article numbers of the corresponding notices of deficiency. Petitioner has not argued that the address recorded on the certified mailing list was not his last known address, nor has he argued that respondent failed to follow his established mailing procedures. At trial petitioner objected to the introduction of the Form 3877 because it was not an original document. At trial and on brief petitioner questioned the authenticity of the document, pointing to a purported discrepancy in that the form lists the sender as the IRS in Holtsville, New York, whereas the USPS date stamp indicates the notices of deficiency were postmarked in Detroit, Michigan. Respondent explained at trial that the issuance of the notices of deficiency was automated, and although they were issued from Holtsville, New York, they were routed through the computing center and mailed in Detroit, Michigan.

**[*16]** In the supplemental notice of determination SO Macaulay did not rely solely on the certified mailing list to verify that the notices of deficiency had been mailed to petitioner. SO Macaulay also reviewed the copies of the notices of deficiency for the years at issue. Each notice of deficiency bears the same mailing date, mailing address, and certified mail article number as those on the corresponding certified mailing list.

We conclude that the dated copies of the notices of deficiency combined with the Form 3877 certified mailing list bearing matching certified mail article numbers suffice to show that the notices of deficiency for the years at issues were mailed to petitioner at his last known address. We further conclude and hold that the verification requirement of section 6330(c)(1) has been met.

IV. Challenge to the Underlying Liabilities

The parties disagree as to whether petitioner received the notices of deficiency for 2008 and 2009. Respondent asserts that petitioner received the notices of deficiency and consequently is not entitled to challenge his underlying liabilities in this collection proceeding. Nevertheless, respondent contends, petitioner's actual receipt of the notices of deficiency is immaterial because he was given an opportunity to challenge his liabilities in the CDP hearing but refused to take advantage of that opportunity.

[*17] At the CDP hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection method. Sec. 6330(c)(2)(A). Generally, a taxpayer must raise an issue at a CDP hearing to preserve it for this Court's consideration. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. The merits are not properly raised if the taxpayer challenges the underlying tax liability but fails to present Appeals with any evidence regarding that liability after being given a reasonable opportunity to do so. Delgado v. Commissioner, T.C. Memo. 2011-240, slip op. at 5-6; secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Although petitioner disputed his underlying liabilities on Form 12153, he failed to provide any evidence to the Appeals officer to dispute respondent's calculations of the underlying liabilities, which were based on income reported by third-party sources on Forms W-2, Forms W-2G, and Forms 1099-MISC as paid to petitioner. Petitioner declined to participate in the telephone hearing. He failed to submit returns for the years at issue, as the SO instructed him, or any other documentation to address his tax liabilities for those years. Although petitioner sent some letters to the SO, none of them included even a summary of what he believed to be his true underlying liabilities. Accordingly, we conclude that

[*18] petitioner did not properly raise his underlying liabilities during the CDP hearing, and therefore he cannot dispute them in this proceeding. In any event, in this proceeding petitioner has raised no meaningful dispute as to his underlying liabilities. Consequently, we review respondent's determination for abuse of discretion only.

V.     Face-to-Face CDP Hearing Request

Petitioner argues that SO Macaulay abused her discretion in refusing to conduct a face-to-face CDP hearing. Respondent argues that petitioner was not entitled to a face-to-face CDP hearing because, among other reasons, he failed to provide the requested information including Federal income tax returns for 2005 through 2012 and a completed Form 433-A.

This Court has held that a face-to-face hearing is not required under section 6330. See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Williamson v. Commissioner, T.C. Memo. 2009-188, slip op. at 8-9; Stockton v. Commissioner, T.C. Memo. 2009-186, slip op. at 11; Leineweber v. Commissioner, T.C. Memo. 2004-17, slip op. at 10-12. We have also held that an Appeals officer's denial of a face-to-face hearing does not constitute an abuse of discretion where a taxpayer fails to present relevant arguments, refuses to provide requested financial information, and has not filed all required tax returns. See Zastrow v.

[*19] Commissioner, T.C. Memo. 2010-215, slip op. at 8; Moline v.

Commissioner, T.C. Memo. 2009-110, slip op. at 8-9, aff'd, 363 F. App'x 675

(10th Cir. 2010); Summers v. Commissioner, T.C. Memo. 2006-219, slip op. at

17-19.  The regulations further provide that if a face-to-face hearing is not held, a

hearing conducted by telephone, by correspondence, or by review of documents

will suffice for purposes of section 6330(b).  See sec. 301.6330-1(d)(2), Q&A-D7,

Proced. & Admin. Regs.

The record convinces us that a face-to-face hearing would not have been

productive.  Petitioner was given an opportunity to participate in a telephone CDP

hearing but did not take advantage of that opportunity.  Aside from his argument

that he had not received notices of deficiency for the years at issue, petitioner did

not present any relevant arguments during his correspondence CDP hearing.

Additionally, although requested to do so on several occasions, petitioner failed to

submit financial documentation (i.e., Form 433-A) and file past-due returns for

2005 through 2012.  Thus, SO Macaulay did not abuse her discretion in

determining that petitioner was not entitled to a face-to-face hearing.

The record reflects that SO Macaulay verified that respondent satisfied all

applicable legal and administrative requirements, considered all relevant issues

petitioner raised, and balanced the intrusiveness of the proposed collection action

[*20] against the need for effective tax collection.  See sec. 6330(c).  We therefore conclude that SO Macaulay did not abuse her discretion by sustaining the collection action.

VI.    Section 6673 Penalty

Section 6673 authorizes the Court to impose a penalty of up to $25,000 for frivolous and groundless arguments or whenever it appears to the Court that "proceedings before * * * [us] have been instituted or maintained by the taxpayer primarily for delay".  Sec. 6673(a)(1)(A).  Petitioner has taken positions that could well be considered frivolous or groundless, and the circumstances suggest that these proceedings were instituted and maintained primarily for purposes of delay. Although we do not impose a penalty today, we warn petitioner that he may expect a penalty in the future if he persists, despite our warning, in maintaining groundless positions or instituting or maintaining proceedings primarily for delay.

To reflect the foregoing,

An appropriate order and decision will be entered.