T.C. Memo. 2016-235

UNITED STATES TAX COURT

JO ANN SNODGRASS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27515-13L.                    Filed December 27, 2016.

Jo Ann Snodgrass, pro se.

Natasha V. Chevalier, for respondent.

MEMORANDUM OPINION

PUGH, Judge: This case was commenced in response to a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330

(notice of determination), sustaining respondent's notice of intent to levy to collect

petitioner's unpaid Federal income tax liabilities for 2000, 2002, 2003, 2004, and

2005 (the subject years).

[*2]                                    Background

This case was submitted fully stipulated under Rule 122.[1]  The stipulated

facts are incorporated in our findings by this reference.  Petitioner resided in Texas

at the time she filed her petition.

From 2000 to 2010 petitioner lived at 2432 23d St., Lubbock, Texas 79411

(2432 address).  Petitioner received $43,698 of taxable wages and $4,674 of self-

employment income in 2000; $16,747 of taxable wages and $13,223 of self-

employment income in 2002; $14,347 of taxable wages and $15,008 of

nonemployee compensation in 2003; $8,939 of taxable wages, $2,964 of taxable

pension distributions, and $7,327 of nonemployee compensation in 2004; and

$8,174 of nonemployee compensation and $7,000 of capital gains in 2005.  She

failed to file a Federal income tax return for any of these years.  Respondent's

records also show that she had not filed a return since 1983; nor did she file a

return for 2010, 2011, 2012, or 2013.

Because petitioner failed to file a return for any of the subject years,

respondent prepared substitutes for returns under section 6020.  On September 6,

2004, respondent sent, by certified mail, notices of deficiency for tax years 2000

---

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code of 1986, as amended and in effect at all relevant times.  Rule
references are to the Tax Court Rules of Practice and Procedure.

[*3] and 2002 to petitioner at 2430 23d St., Lubbock, Texas 79411 (2430 address). The administrative record includes substitute U.S. Postal Service (USPS) Forms 3877, Certified Mailing List, for 2000 and 2002. Both show the 2430 address, list the number of pieces mailed, and include a USPS date stamp and a signature by the receiving postmaster. The notices of deficiency were returned to respondent as unclaimed.

On November 9, October 5, and October 13, 2009, respondent sent, by certified mail, notices of deficiency for tax years 2003, 2004, and 2005, respectively, to petitioner at the 2432 address. The substitute Forms 3877 for 2003, 2004, and 2005 all show the 2432 address, list the number of pieces mailed, and include a USPS date stamp but no signature by the receiving postmaster. The certified mail article number on each substitute Form 3877 matches the certified mail article number shown on the corresponding notice of deficiency. The notice of deficiency for 2003 was returned to respondent as unclaimed, and the notices of deficiency for 2004 and 2005 were returned as undeliverable. Envelopes stamped by the USPS as unclaimed or undeliverable are included in the record as attachments to the corresponding notice of deficiency. The envelopes do not bear an address but rather have windows through which the address on the notice

[*4] would be viewable. Petitioner did not file a petition with the Court challenging any of the five notices of deficiency.

The administrative record also includes respondent's Automated Substitute for Return Account Transcript (ASFR transcript) for petitioner and the INOLES transcript for petitioner. Both transcripts reflect the 2430 address for petitioner on the date the notices of deficiency for 2000 and 2002 were mailed. The ASFR transcript also shows that Forms W-2, Wage and Tax Statement, a Form 1099-MISC, Miscellaneous Income, and a Form 1099-C, Cancellation of Debt, were sent to petitioner at the 2430 address as well as at a 2215 University Avenue address. The INOLES transcript also shows that a Form 1099-MISC was sent to petitioner at both of these addresses. The ASFR transcript and the INOLES transcript reflect the 2432 address for petitioner on the dates that the notices of deficiency for 2003, 2004, and 2005 were mailed.

The administrative record does not indicate how respondent learned about the 2430 address or the 2432 address; nor did petitioner offer any evidence showing that she advised respondent of her address at any time before her correspondence with respondent as part of the collection actions in issue here.

On October 1, 2012, respondent sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to her unpaid tax

[*5] liabilities for 2000, 2002, 2003, 2004, and 2005, at 1607 70th St., Lubbock, Texas (the address she indicated on her petition). On November 2, 2012, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. Petitioner requested a face-to-face hearing and alleged that she did not believe she was liable for the assessed tax, never had a chance to challenge the liability, and, if determined liable, would like to discuss collection alternatives.

On March 11, 2013, Settlement Officer Avalos (SO Avalos) sent petitioner a letter scheduling a telephonic conference for May 1, 2013, and requesting that she submit financial information and past-due tax returns for 2006 through 2011 (past-due returns). The letter advised petitioner that she might not be able to challenge her underlying liabilities but offered her an opportunity to file returns for the subject years. There followed a series of exchanges in which petitioner ignored SO Avalos' requests for information, reiterated her position that she never received the notices of deficiency, asked for proof of her liabilities, asked for a copy of the Internal Revenue Service (IRS) rules governing the administrative hearing, and requested a face-to-face hearing. SO Avalos explained that petitioner did not qualify for a face-to-face hearing because she was not in compliance with her tax return filing obligations and had not provided requested financial

[*6] information; and SO Avalos repeated the requests for the financial information and past-due returns. Petitioner did not call at the scheduled time for the telephonic conference on May 1, 2013. Respondent's case activity report reflects that SO Avalos checked IRS records for petitioner's address of record at the time the notices of deficiency were mailed and erroneously states that all of the notices of deficiency were mailed to the 2432 address.

On June 24, 2013, respondent issued to petitioner a notice of determination upholding respondent's proposed levy to collect her income tax liabilities for the subject years. This initial notice of determination also erroneously states that all five notices of deficiency were sent to petitioner at the 2432 address.

Petitioner timely petitioned the Court for redetermination. Because she claims that she had not received the notices of deficiency, and the administrative record did not specify what documents SO Avalos reviewed to verify that the notices of deficiency were properly mailed, the parties jointly moved that the case be remanded to the Appeals Office, and we remanded the case.

As part of the remand, on November 25, 2014, SO Avalos sent petitioner a letter (mistakenly dated June 6, 2014) that scheduled a telephonic supplemental hearing for January 6, 2015, and again requested financial information and past-due returns. SO Avalos also obtained copies of the substitute Forms 3877 for all

[*7] of the subject years. On December 19, 2014, petitioner again requested a face-to-face hearing and refused to provide any of the requested information until respondent proved that the notices of deficiency were issued. Petitioner again failed to call SO Avalos for the scheduled hearing on January 6, 2015. On January 12, 2015, SO Avalos sent petitioner another letter with copies of the notices of deficiency. The letter explained that the notices of deficiency "were sent to the address of record at the time they were issued" and reiterated that to receive a face-to-face hearing petitioner had to be in compliance with her tax return filing obligations and provide financial information. The letter again requested the financial information and past-due returns. Petitioner responded by letter January 21, 2015. In her letter petitioner claimed that the notices of deficiency were incomplete and were not sent to the correct address and that there was no proof of mailing. She requested that the tax be abated and asked that the case be transferred to an Appeals officer in Texas (SO Avalos was in California). She never provided the financial information or the past-due returns. On April 14, 2015, SO Avalos issued a supplemental notice of determination (supplemental notice) upholding the proposed levy. The supplemental notice repeated that "our records indicate all required notices were issued to your address of record at the time they were mailed." The supplemental notice also recited the documents

**[\*8]** reviewed to confirm that notice and demand requirements were met, including the notices of deficiency and the substitute Forms 3877 for all five subject years showing that the notices of deficiency were mailed to petitioner's last known address of record, along with the envelopes showing the notices of deficiency were returned as unclaimed or undeliverable. This supplemental notice accurately recited the addresses used on the five notices of deficiency (the 2430 address for 2000 and 2002 and the 2432 address for 2003, 2004, and 2005).

## Discussion

Petitioner claims that she did not receive a notice of deficiency for any of the subject years or otherwise have a prior opportunity to contest her underlying liabilities and that she properly raised the issue of her underlying liabilities with SO Avalos. For the first time on brief petitioner also claims that respondent's substitute Forms 3877 contained irregularities. Petitioner did not dispute what was in the administrative record.

Where the validity of the underlying tax liability is in issue, the Court reviews the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). When, as here, the IRS prepares a substitute for return pursuant to section 6020(b), the taxpayer may raise her liability in an administrative hearing if she did not receive a notice of deficiency or otherwise

[*9] have a prior opportunity to contest the liability. See secs. 6320(c), 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). But this Court considers a taxpayer's challenge to her underlying liability in a collection action case only if she properly raised that challenge at her administrative hearing. Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007); see secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of that issue by the settlement officer or if she requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. Giamelli v. Commissioner, 129 T.C. at 115-116; see McRae v. Commissioner, T.C. Memo. 2015-132, at *8 (holding that the taxpayer failed to explicitly contest his underlying liability during the administrative hearing and failed to provide any evidence concerning his liability); see also Zook v. Commissioner, T.C. Memo. 2013-128, at *6-*7 (holding that the taxpayer failed to properly raise her underlying liabilities when she failed to provide any documentation of the underlying liabilities and asserted frivolous arguments).

The settlement officer must verify that the requirements of any applicable law or administrative procedure have been met, consider issues properly raised by the taxpayer, and consider whether the proposed collection action balances the

**[*10]** need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(b), (c)(3). Where the validity of the underlying tax liability is not properly at issue, the Court will review the settlement officer's administrative determination on the issues above for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610.

I. Last Known Address

As part of the settlement officer's determination, she must verify that a valid notice of deficiency was issued to the taxpayer at the taxpayer's last known address. Sec. 6330(c)(1); Jordan v. Commissioner, 134 T.C. 1, 12 (2010); Hoyle v. Commissioner, 131 T.C. 197, 200 (2008). Petitioner's first argument is that the notices of deficiency for 2000 and 2002 are invalid because they were not sent to her last known address as required by section 6212(b). If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial; the notice is valid. See, e.g., United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984).

Section 301.6212-2(a), Proced. & Admin. Regs., defines the taxpayer's "last known address" as the address on the taxpayer's most recently filed and properly processed return unless the IRS has been given "clear and concise notification" of a different address. Section 301.6212-2(b)(2), Proced. & Admin. Regs., provides

**[\*11]** that the IRS will update a taxpayer's address of record on the basis of data accumulated and maintained in the USPS National Change of Address (NCOA) database.  See also Rev. Proc. 2001-18, sec. 2.02, 2001-1 C.B. 708, 708, superseded by Rev. Proc. 2010-16, sec. 3.02, 2010-19 I.R.B. 664, 665 (which also provides the same rule).  The address in the NCOA database is the last known address for the taxpayer unless (and until) the taxpayer files and the IRS processes a Federal income tax return with an address different from the address in the NCOA database or gives "clear and concise notification" of a different address. Sec. 301.6212-2(b)(2)(ii)(A) and (B), Proced. & Admin. Regs.

We also have held that the IRS was justified in believing that a notice of deficiency was mailed to the correct address and that the taxpayer simply failed to claim the notice of deficiency when the notice of deficiency was returned to the IRS marked "Unclaimed" and there was no evidence in the record that the IRS was aware either before or immediately after the mailing of a notice of deficiency that the address of record was not correct.  See Thomas v. Commissioner, T.C. Memo. 1998-438, aff'd without published opinion, 194 F.3d 1305 (4th Cir. 1999). Conversely, the IRS was found to have failed to exercise reasonable diligence by sending a notice of deficiency to an address from which prior correspondence was

**[*12]** returned as undeliverable.  See Terrell v. Commissioner, 625 F.3d 254 (5th Cir. 2010).

Petitioner offered no evidence that she gave "clear and concise notification" of any address other than that used by respondent, and she did not file a return for any tax year after 1983.  She offered no evidence that she notified respondent of any address other than the one shown in respondent's ASFR transcript and INOLES transcript and used on the notices of deficiency for 2000 and 2002 on the date these notices were mailed.  She offered no evidence that she updated the NCOA database.  The record shows that the notices of deficiency issued for 2000 and 2002 were returned to the IRS as unclaimed rather than undelivered, as evidenced by the USPS stamp on both envelopes.  Therefore, we hold that respondent was justified in believing the notices of deficiency were sent to the correct address and that respondent exercised reasonable diligence in determining that these notices were mailed to petitioner at her last known address.  See Arroyo v. Commissioner, T.C. Memo. 2013-112.

While the administrative record shows that the original notice of determination erroneously stated that all the notices of deficiency were mailed to petitioner at the 2432 address, that error was corrected later, and the supplemental notice informed her that respondent's records showed that the 2000 and 2002

[*13] notices of deficiency were mailed to her at her last known address of record. We therefore find no abuse of discretion in SO Avalos' verification on remand as to the mailing of these notices of deficiency to petitioner's last known address.

## II. Mailing Irregularities

Petitioner also argues that the notices of deficiency for 2003, 2004, and 2005 are not valid because they were not properly mailed, alleging defects in the substitute Forms 3877 and citing Coleman v. Commissioner, 94 T.C. 82 (1990). Where, as here, a taxpayer identifies an irregularity in the assessment procedure, the settlement officer cannot rely solely on tax transcripts to verify that a notice of deficiency has been sent. See Hoyle v. Commissioner, 131 T.C. at 205 n.7 ("[W]here a taxpayer alleges no notice of deficiency was mailed he has * * * '[identified] an irregularity[.]'" (alteration in original)). Instead, the settlement officer is directed to examine "underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list". See id. (quoting Chief Counsel Notice CC-2006-19 (Aug. 18, 2006)); Schlegel v. Commissioner, T.C. Memo. 2016-90, at *10; Marlow v. Commissioner, T.C. Memo. 2010-113, 2010 WL 2011617, at *8 n.4; Casey v. Commissioner, T.C. Memo. 2009-131.

**[\*14]** Petitioner argues that respondent is not entitled to a presumption of official regularity, see, e.g., Hoyle v. Commissioner, 131 T.C. at 203, because the substitute Forms 3877 for tax years 2003, 2004, and 2005 are not signed by the receiving USPS employee and are not signed or initialed by the IRS employees who issued the notices of deficiency. We need not consider petitioner's objection because we have actual evidence of mailing. See Coleman v. Commissioner, 94 T.C. at 91; see also Portwine v. Commissioner, T.C. Memo. 2015-29, aff'd, ___ F. App'x ___, 2015 WL 757374 (10th Cir. Aug. 24, 2016); Massie v. Commissioner, T.C. Memo. 1995-173, aff'd without published opinion, 82 F.3d 423 (9th Cir. 1996); Wheat v. Commissioner, T.C. Memo. 1992-268, 1992 WL 95632, at \*4.

Petitioner argues that this evidence does not establish that the notices of deficiency were mailed to her last known address because the notices were returned to respondent as either unclaimed or undelivered. We disagree. The returned envelopes show that the notices of deficiency were delivered to the USPS for mailing. Petitioner stipulated that the address shown on the notices of deficiency and on the substitute Forms 3877 for 2003, 2004, and 2005 was her correct address on the dates the notices of deficiency for those years were mailed. In Bobbs v. Commissioner, T.C. Memo. 2005-272, 2005 WL 3157919, we found that a Form 3877 that had a USPS date stamp and an address that the taxpayer did

**[*15]** not challenge established by a preponderance of the evidence that the notice of deficiency was mailed to the taxpayer's last known address. Id., 2015 WL 3157919, at *2-*3.

We conclude that the dated copies of the notices of deficiency and the returned envelopes, combined with the substitute Forms 3877, bearing matching certified mail article numbers, are sufficient to show that the notices of deficiency for 2003, 2004, and 2005 were mailed to petitioner at her last known address. The supplemental notice of determination referred to these documents as part of SO Avalos' verification review. Consequently, we hold that SO Avalos properly verified, pursuant to section 6330(c)(1), that "the requirements of any applicable law or administrative procedure have been met".

III. Right To Challenge Underlying Liabilities

If we assume that petitioner never received the notices of deficiency for any of the subject years as she claims, she would be entitled to challenge her underlying liabilities. The administrative record shows that SO Avalos did give her that opportunity, asking her to submit tax returns for the subject years. Petitioner did not do so.

Petitioner's failure to present evidence as to her correct liabilities, such as tax returns for the subject years or provide requested financial information amount

[*16] to a failure properly to raise the issue of her underlying liabilities at the administrative hearing. See McRae v. Commissioner, T.C. Memo. 2015-132; secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Because petitioner failed to raise her underlying liabilities properly in her administrative hearing with SO Avalos, she is not entitled to do so now. Because her underlying liabilities are not properly before us, we review SO Avalos' determination for abuse of discretion only. See Goza v. Commissioner, 114 T.C. at 182; Caudle v. Commissioner, T.C. Memo. 2014-196, aff'd, 603 F. App'x 220 (4th Cir. 2015); secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

IV. Compliance With Tax Return Filing Obligations

At the administrative hearing a taxpayer is expected to provide relevant information requested by the settlement officer for her consideration of the facts and issues involved in the hearing. Sec. 301.6330-1(e)(1), Proced. & Admin. Regs. Petitioner refused to participate in the scheduled telephonic hearing and failed to submit the financial information and past-due returns requested by SO Avalos.[2] Petitioner was not in compliance with her Federal income tax return

---

[2] Petitioner did not argue in her petition or in her brief that SO Avalos abused her discretion by denying petitioner's request for a face-to-face hearing
(continued...)

[*17] filing obligations, nor did she present any collection alternatives. A settlement officer does not abuse her discretion when she declines to consider a collection alternative under these circumstances. See Huntress v. Commissioner, T.C. Memo. 2009-161 (holding no abuse of discretion when the settlement officer rejects collection alternatives where the taxpayer offered none, failed to provide financial information, and was not current with filing and payment obligations); Lance v. Commissioner, T.C. Memo. 2009-129 (holding no abuse of discretion when taxpayer fails to provide financial information); sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.

Once a taxpayer has been given a reasonable opportunity for a hearing but fails to avail herself of it, the Commissioner may proceed to make a determination based on the case file as was done here. See Oropeza v. Commissioner, T.C. Memo. 2008-94 (upholding a determination based on the case file where the taxpayer refused to participate in an administrative hearing either in person or by telephone), aff'd, 402 F. App'x 221 (9th Cir. 2010); secs. 301.6330-1(d)(2), Q&A-

_____

²(...continued)
and to audio record the hearing. In any event, our review of the administrative record confirms no abuse of discretion here. Calafati v. Commissioner, 127 T.C. 219, 228 (2006); see, e.g., Zastrow v. Commissioner, T.C. Memo. 2010-215; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 F. App'x 675 (10th Cir. 2010).

**[\*18]** D7 and Q&A-D8, 301.6330-1(f)(2), Q&A-F4, Proced. & Admin. Regs.  Our review of the record reveals no abuse of discretion here.

## V.  Section 6673 Penalty

Finally, we warned petitioner in our order dated September 21, 2015, that she appeared to be taking positions that we have deemed frivolous or groundless or intended for delay.  We advised her that section 6673 authorizes the Court to impose a penalty of up to $25,000 for frivolous and groundless arguments or whenever it appears to the Court that "proceedings before * * * [us] have been instituted or maintained by the taxpayer primarily for delay".  Sec. 6673(a)(1)(A).  Notwithstanding her disavowal of any frivolous arguments, that appears to us to be the case here.  Because this is petitioner's first case before the Court, we will not impose a penalty; but she may expect a penalty in a future case if she persists in maintaining the same frivolous and meritless positions despite our warning.

### Conclusion

After review of the entire administrative record, the Court concludes that SO Avalos satisfied the verification requirements of section 6330 and she did not

[*19] abuse her discretion in sustaining the notice of intent to levy.  Any contentions we have not addressed are irrelevant, moot, or meritless.

<u>Decision will be entered</u>

<u>for respondent</u>.