T.C. Memo. 2018-50

UNITED STATES TAX COURT

CHARLES D. WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25567-16L.              Filed April 10, 2018.

Charles D. Williams, pro se.

<u>Marty J. Dama</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  This case was commenced in response to a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330

(notice of determination), sustaining respondent's Notice of Intent to Levy to

**[*2]** collect petitioner's unpaid Federal income tax liabilities for 2005, 2006, 2007, 2008, 2009, and 2010 (subject years).[1]

FINDINGS OF FACT

The stipulated facts are incorporated in our findings by this reference. Petitioner resided in Texas at the time he filed his petition.

From the 1970s to the time of trial, petitioner has lived at the same street address in Euless, Texas (Euless residence). He failed to file a Federal income tax return for any of the subject years. Respondent therefore prepared substitutes for returns under section 6020(b). On November 12, 2014, respondent sent, by certified mail, two copies of the notice of deficiency for the subject years to petitioner--one copy to his Euless residence and one copy to a post office box in Dallas, Texas (Dallas P.O. Box). The notice of deficiency was signed by Janet A. Miller, Territory Manager, Technical Services, GSA. The administrative record includes a substitute U.S. Postal Service (USPS) Form 3877, Certified Mailing List, for the mailing to the Euless residence. Attached to the Form 3877 is USPS tracking information showing that the USPS Form 3849, Certified Mail Return Receipt, which informs the recipient of certified mail, was delivered to the Euless

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times. Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] residence on November 13, 2014.  It also shows that the item of certified mail (the notice of deficiency) was returned to respondent unclaimed.  The record also includes a copy of the envelope addressed to the Euless residence stamped by the USPS to show that the item was unclaimed and the envelope addressed to the Dallas P.O. Box showing that the USPS was unable to forward the item.

On October 13, 2015, respondent sent to petitioner at P.O. Box 981 in Bedford, Texas (Bedford P.O. Box),[2] a Notice of Federal Tax Lien and Your Right to a Hearing (lien notice).  On November 18, 2015, petitioner submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, that was blank but for his signature and date.  On December 3, 2015, respondent sent petitioner at his Bedford P.O. Box a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to his unpaid tax liabilities for the subject years (levy notice).  On December 30, 2015, petitioner submitted Form 12153, attaching both the lien notice and the levy notice.  This Form 12153 likewise was blank but for petitioner's signature and the date.

---

[2] The record does not indicate how respondent became aware of petitioner's new address; as noted below, petitioner argues that he mailed a notice of address change to respondent, and we may presume on the basis of respondent's use of the Bedford P.O. Box that respondent ultimately became aware of petitioner's new address.  However, we also note petitioner in his correspondence with the settlement officer often used a different P.O. Box.

**[\*4]**   On January 6, 2016, petitioner resubmitted Form 12153 (checking, as the basis, only the "Proposed Levy or Actual Levy" box), this time completed, with a cover letter explaining that when he had printed out the prior form the information that he had typed in did not print out.  In an attachment he asked that his prior hearing request be merged into this one.  He disputed the "alleged taxes and penalties associated with these taxes" and, requested a face-to-face hearing that he would record.  He asked for verification that the IRS had followed and performed the procedures required by law.  Finally he asked for collection alternatives if he was determined to owe the tax.  He did not provide a telephone number.

On June 16, 2016, Settlement Officer West (SO West) sent petitioner a letter scheduling a telephonic conference for July 21, 2016, and requesting that he submit financial information and past-due tax returns for 2011 through 2015 (past-due returns).  The letter advised petitioner that respondent had issued him a notice of deficiency for the subject years but stated that he would be allowed to challenge the underlying liabilities determined in that notice and invited him to file returns for the subject years.  The letter also explained that SO West could consider collection alternatives only if petitioner submitted the information SO West had requested, filed returns for the subject years, and filed all past-due returns required to be filed.

**[*5]** Petitioner did not call at the scheduled time for the telephonic conference on July 21, 2016. Rather, in a series of exchanges petitioner ignored SO West's requests for information, reiterated his position that he had never received the notice of deficiency, asked for proof of his liabilities, asked for a copy of the law requiring full compliance to be entitled to a face-to-face hearing, and requested a face-to-face hearing. SO West explained that petitioner did not qualify for a face-to-face hearing because he was not in compliance with his tax return filing obligations and had not provided requested financial information; and SO West repeated the requests for the financial information and past-due returns. In his final letter, dated August 15, 2016, petitioner disputed that the notice of deficiency had been properly addressed and mailed to him at his Bedford P.O. Box, claiming that he had submitted a change of address to his Bedford P.O. Box. He attached to his letter a copy of a handwritten letter dated October 1, 2014, addressed to "Internal Revenue Service, 1111 Constitution Ave NW, Washington, DC 20024" that reported his Bedford P.O. Box.

Respondent's case activity report reflects that SO West determined that petitioner has never filed a tax return. She also determined that petitioner's Bedford P.O. Box was not considered his address at the time the two copies of the notice of deficiency were mailed to him. SO West rejected petitioner's proof of

[*6] change of address because it was only a copy of a letter without proof that he ever mailed it. At trial petitioner testified only that he changed his address in "the past two to three years". He claimed that he did not receive mail at the Euless residence because of concerns about theft from the mailbox at the street but did not state that no mail was delivered to that address or that he refused to check that mailbox for mail delivered to it.

On October 28, 2016, respondent issued to petitioner a notice of determination upholding respondent's proposed levy to collect his income tax liabilities for the subject years. On that same date, respondent issued Letter 3210, Decision Letter on Equivalent Hearing, upholding the lien notice, which respondent now asks us to treat as a notice of determination. On the basis of our review of petitioner's Forms 12153, we agree that petitioner should be entitled to challenge the lien notice and that the Letter 3210 should be treated as a notice of determination.

OPINION

I. Procedural Background

Before trial respondent filed a motion for summary judgment that the notices of determination should be sustained to which petitioner responded and respondent replied, in accordance with our orders. Petitioner filed a further reply.

**[\*7]** We then set respondent's motion for hearing at the calendar call for this case. At the hearing petitioner moved orally to submit the case under Rule 122. Counsel for respondent objected that there were material facts which the parties could not agree to stipulate. On that basis we denied petitioner's oral motion to submit under Rule 122 and we denied respondent's motion for summary judgment. We also denied petitioner's cross-motion for summary judgment to the extent his response was so styled. The parties stipulated the administrative record, and petitioner argues that we must decide this case solely on what is in the administrative record. He also stated at trial that his arguments are in the administrative record and in his summary judgment briefs. We therefore refer to those briefs in summarizing the positions of the parties.

Specifically, petitioner claims that he did not receive the notice of deficiency for the subject years and that SO West failed to confirm that the notice of deficiency was signed by an official with the proper delegated authority.

II. Scope and Standard of Review

Where the validity of the underlying tax liability is in issue, the Court reviews the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). When, as here, the IRS prepares a substitute for return pursuant to section 6020(b), the taxpayer may raise his liability in an

**[*8]** administrative hearing if he did not receive a notice of deficiency or otherwise have a prior opportunity to contest the liability. See secs. 6320(c), 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). But this Court considers a taxpayer's challenge to his underlying liability in a collection action case only if he properly raised that challenge at his administrative hearing. Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007); see secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of that issue by the settlement officer or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. Giamelli v. Commissioner, 129 T.C. at 115-116; see McRae v. Commissioner, T.C. Memo. 2015-132, at *8-*9 (holding that the taxpayer failed explicitly to contest his underlying liability during the administrative hearing and failed to provide any evidence concerning his liability); see also Zook v. Commissioner, T.C. Memo. 2013-128, at *6-*7 (holding that the taxpayer failed to raise her underlying liabilities properly when she failed to provide any documentation of the underlying liabilities and asserted frivolous arguments).

The settlement officer must verify that the requirements of any applicable law or administrative procedure have been met, consider issues properly raised by

**[\*9]** the taxpayer, and consider whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Secs. 6320(b) and (c), 6330(b), (c)(3). Where the validity of the underlying tax liability is not properly at issue, the Court will review the settlement officer's administrative determination on the issues above for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610.

III. Last Known Address

As part of the settlement officer's determination, she must verify that a valid notice of deficiency was issued to the taxpayer at the taxpayer's last known address. Sec. 6330(c)(1); Jordan v. Commissioner, 134 T.C. 1, 12 (2010); Hoyle v. Commissioner, 131 T.C. 197, 200 (2008). Petitioner's first argument is that the notice of deficiency is invalid because it was not sent to his last known address as required by section 6212(b). If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial; the notice is valid. See, e.g., United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984).

It is the taxpayer's responsibility to provide the IRS clear and concise notification of any change in address. See sec. 301.6212-2(a), (b)(2), Proced. &

**[*10]** Admin. Regs. (defining the taxpayer's "last known address" as the address on the taxpayer's most recently filed and properly processed return unless the IRS has been given "clear and concise notification" of a different address); see also Ward v. Commissioner, 907 F.2d 517 (5th Cir. 1990), rev'g 92 T.C. 949 (1989); Tadros v. Commissioner, 763 F.2d 89 (2d Cir. 1985). The taxpayer may submit a change of address by indicating a new address on his next return, by filing a written or electronic notice of change of address with the IRS, or by providing an updated address to the USPS for inclusion in its National Change of Address (NCOA) database. Sec. 301.6212-2(a) and (b), Proced. & Admin. Regs. A taxpayer's written notification regarding change of address will be considered "properly processed" 45 days after the date of receipt by one of the following: (1) the IRS Submission Processing Campus serving the taxpayer's old address; (2) the Customer Service Division in the local area office; or (3) the IRS employee who contacted the taxpayer regarding the filing of a return or an adjustment in the taxpayer's account. Rev. Proc. 2010-16, sec. 5.02(3), 2010-19 I.R.B. 664, 666.

We also have held that the IRS was justified in believing that a notice of deficiency was mailed to the correct address and that the taxpayer simply failed to claim it when it was returned to the IRS marked "Unclaimed", and there was no evidence in the record that the IRS was aware either before or immediately after

**[*11]** the mailing of a notice of deficiency that the address of record was not correct. See Thomas v. Commissioner, T.C. Memo. 1998-438, aff'd without published opinion, 194 F.3d 1305 (4th Cir. 1999). Conversely, the IRS was found to have failed to exercise reasonable diligence by sending a notice of deficiency to an address from which prior correspondence had been returned as undeliverable. See Terrell v. Commissioner, 625 F.3d 254 (5th Cir. 2010).

The only evidence petitioner offered that he had given "clear and concise notification" of any address other than that used by respondent was the copy of the handwritten letter dated October 1, 2014. But that handwritten letter was dated less than 45 days before the mailing of the notice of deficiency and was not addressed to any of the addresses identified by the IRS in Rev. Proc. 2010-16, supra. Petitioner provided no evidence that he had mailed this letter to the IRS or when he had done so, and he did not provide any other evidence to confirm that he had changed his address at around this time or updated the NCOA database. At trial petitioner could not recall when he had changed his P.O. Box. And SO West determined that petitioner had not filed any Federal income tax returns, so respondent would not have learned of his new address that way. We may infer that petitioner did provide notice of the Bedford P.O. Box before the lien notice was issued, because respondent used that address on the lien notice. But on the

[*12] record before us, we cannot conclude that petitioner provided notice of that new address in the time prescribed for respondent to use that new address on the notice of deficiency.

Petitioner did not rebut the evidence in the administrative record that the USPS Form 3811 notifying him that certified mail (namely, the notice of deficiency) was delivered to his Euless address. And the "UTF" (Unable to Forward) marking on the envelope in which the notice of deficiency was mailed to petitioner's Dallas P.O. Box suggests that petitioner did not file a forwarding address for that P.O. Box, considering when petitioner claims to have changed his address. See Domestic Mail Manual (DMM) sec. 507.2.1.1 (the USPS usually forwards mail for 18 months). The record shows that the notice of deficiency mailed to petitioner at his Euless residence was returned to the IRS as unclaimed rather than undelivered, as evidenced by the USPS stamp on the envelop and the USPS tracking information. Therefore, we hold that respondent was justified in believing the notice of deficiency was sent to the correct last known address and that SO West was reasonable in rejecting petitioner's alleged address change. Snodgrass v. Commissioner, T.C. Memo. 2016-235; see Arroyo v. Commissioner, T.C. Memo. 2013-112.

**[*13]** IV.  <u>Delegation</u>

Petitioner also argues that SO West failed to "[v]erify that the NODS were created/signed by the secretary of Treasury or a duly authorized delegate of the Secretary of Treasury as required by definition in 26 U.S.C. secs. 7701(a)(11), 7701(a)(12) and 6212(a)."  We disagree.  For purposes of sections 6320(a) and 6330(a), either the Secretary or his delegate (e.g., the Commissioner) may issue a final notice of intent to levy or a notice of Federal tax lien.  Secs. 7701(a)(11)(B), (12)(A)(i), 7803(a)(2); <u>see also</u> secs. 301.6320-1(a)(1), 301.6330-1(a)(1), Proced. & Admin. Regs.  We have held consistently that a notice of deficiency signed by a Technical Services Territory Manager pursuant to Delegation Order  4-8, set forth in Internal Revenue Manual pt. 1.2.43.9 (Sept. 4, 2012), is valid and have rejected challenges like petitioner's as frivolous.  <u>See, e.g.</u>, <u>Batsch v. Commissioner</u>, T.C. Memo. 2016-140, at *9, *15, <u>aff'd</u>, 695 F. App'x 166 (8th Cir. 2017); <u>Muncy v. Commissioner</u>, T.C. Memo. 2017-83, at *9-*10.  And we have found specifically that "Janet A. Miller, Technical Services, Gulf States Area" had proper authority. <u>See, e.g.</u>, <u>Roye v. Commissioner</u>, T.C. Memo. 2012-246, at *15, *16 n.6. Consequently, after considering petitioner's claim of error and reviewing the record before us, we hold that SO West properly verified, pursuant to section

**[*14]** 6330(c)(1), that "the requirements of any applicable law or administrative procedure have been met."

V.  Right To Challenge Underlying Liabilities

If we assume that petitioner never received the notice of deficiency for the subject years, as he claims, he would be entitled to challenge his underlying liabilities.  The administrative record shows that SO West did give him that opportunity, asking him to submit tax returns for the subject years.  Petitioner did not do so.

Petitioner's failure to present evidence as to his correct liabilities or to provide requested financial information amount to a failure properly to raise the issue of his underlying liabilities at the administrative hearing.  See McRae v. Commissioner, T.C. Memo. 2015-132; secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Because petitioner failed to raise his underlying liabilities properly in his administrative hearing with SO West, he is not entitled to do so now.  Because his underlying liabilities are not properly before us, we review SO West's determination for abuse of discretion only.  See Goza v. Commissioner, 114 T.C. at 182; Caudle v. Commissioner, T.C. Memo. 2014-196, aff'd, 603 F. App'x 220 (4th Cir. 2015); secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

**[*15]** VI. <u>Compliance With Tax Return Filing Obligations</u>

At the administrative hearing a taxpayer is expected to provide relevant information requested by the settlement officer for her consideration of the facts and issues involved in the hearing. Sec. 301.6330-1(e)(1), Proced. & Admin. Regs. Petitioner refused to participate in the scheduled telephonic hearing and failed to submit the financial information and past-due returns requested by SO West. Petitioner was not in compliance with his Federal income tax return filing obligations, nor did he present any collection alternatives. A settlement officer does not abuse her discretion when she declines to consider a collection alternative under these circumstances. See <u>Huntress v. Commissioner</u>, T.C. Memo. 2009-161 (holding no abuse of discretion when the settlement officer rejects collection alternatives where the taxpayer offered none, failed to provide financial information, and was not current with filing and payment obligations); <u>Lance v. Commissioner</u>, T.C. Memo. 2009-129 (holding no abuse of discretion when the taxpayer fails to provide financial information); sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs. For the same reason we conclude that SO West did not abuse her discretion by denying petitioner's requests for a face-to-face hearing and to audiorecord the hearing. <u>Calafati v. Commissioner</u>, 127 T.C. 219, 228 (2006);

[*16] see, e.g., Zastrow v. Commissioner, T.C. Memo. 2010-215; Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 F. App'x 675 (10th Cir. 2010).

Once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself of it, the Commissioner may make a determination based on the administrative file as was done here. See Oropeza v. Commissioner, T.C. Memo. 2008-94 (upholding a determination based on the case file where the taxpayer refused to participate in an administrative hearing either in person or by telephone), aff'd, 402 F. App'x 221 (9th Cir. 2010); secs. 301.6330-1(d)(2), Q&A-D7 and Q&A-D8, 301.6330-1(f)(2), Q&A-F4, Proced. & Admin. Regs. Our review of the record reveals no abuse of discretion.

## VII. Section 6673 Penalty

Finally, we warned petitioner at trial that section 6673 authorizes the Court to impose a penalty of up to $25,000 for frivolous and groundless arguments or whenever it appears to the Court that "proceedings before * * * [us] have been instituted or maintained by the taxpayer primarily for delay". Sec. 6673(a)(1)(A). Notwithstanding the fact that petitioner did not to make any statements at trial after our warning, that appears to us to be the case here. Because this is petitioner's first case before the Court, we will not impose a penalty; but he may expect a penalty in a future case if he persists in maintaining the same frivolous

[*17] and meritless positions or uses the Court primarily for delay, despite our warning.

Conclusion

After review of the entire administrative record, the Court concludes that SO West satisfied the verification requirements of section 6330 and did not abuse her discretion in sustaining the notice of intent to levy and the notice of Federal tax lien. Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.